IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARL FRANKLIN COOK                                                                                    PLAINTIFF

v.                                         NO. 4:04CV00073 JLH/HDY

DAVID GIBBONS, JOHNNY CASTO, WILLIAM KELLY,                              DEFENDANTS
SCOTT HARPER, DALE SWESEY, RICHARD HOFFMAN,
HOYT HARNESS, MARK BLANKENSHIP, KEVIN WEBB,
MACK THOMPSON, NICK CASTRO, ROBERT SPEER,
JEFF CROW, JEFF JESTER, BOBBY ALCON, JOEL EUBANKS,
CHARLIE EDMONDSON, BRYAN DAVIS, KEVIN RICHMOND,
JAY WINTERS, RAY CALDWELL, BEN CROSS,
KYLE DROWN, JOHNATHON FREEMAN, DAVID HYDEN,
DWANE LUTER, CHARLES MARTIN, RICK MARTIN,
CHRIS RIDENHOUR, TIM WHITTENBERG, JIMMY CASTO,
TOM MARS, SCOTT WALLS, and JEFF CHANDLER

<u>FINDINGS AND RECOMMENDATION</u>

<u>INSTRUCTIONS</u>

The following findings and partial recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and partial recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court  
    Eastern District of Arkansas  
    600 West Capitol Avenue, Suite A149  
    Little Rock, Arkansas 72201-3325

DISPOSITION

INTRODUCTION.  Defendant Jay Winters ("Winters") has filed the pending motion for summary judgment.  See Document 274.[1]  For the reason that follows, the undersigned recommends that the motion be granted, that the complaint filed by plaintiff Carl Franklin Cook ("Cook") be dismissed with prejudice as to all of the defendants, and that judgment be entered for all of the defendants.

BACKGROUND.  The events giving rise to this proceeding sprang from the execution of a no-knock search warrant at Cook's residence on July 13, 1999.  The undersigned will not recite those events as they are outlined in the opinion filed by the United States Court of Appeals for the Eighth Circuit ("Court of Appeals") in Cook v. Gibbons, 308 Fed.Appx. 24, 2009 WL 113777 (8th Cir. January 20, 2009).  It is enough to note that Winters, the Sheriff of Pope County, Arkansas, participated in the search.[2]

---

[1] Summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  See Federal Rule of Civil Procedure 56(c).

[2] Winters previously submitted an affidavit in which he represented the following:

> I did not participate in the initial entry of the Cook residence; however, I was present at the Cook residence during the [Arkansas State Police] S.W.A.T. ... entry [into the residence].
>
> After the S.W.A.T. made entry into the Cook residence and secured the premises, I made entry into the Cook residence to search for the items listed in the search warrant.

See Document 204, Exhibit A at 1-2.  The undersigned accepts the foregoing representations as true.

Cook commenced this proceeding by filing a complaint pursuant to 42 U.S.C. 1983. He alleged in his complaint that law enforcement officers violated his constitutional rights in conducting the search of his residence. Specifically, he alleged that they caused unnecessary damage to his property and/or otherwise did nothing to prevent the damage from occurring. He sought monetary damages for the destruction caused by the officers and for the mental anguish he suffered as a result of their misconduct.

Twenty-nine defendants eventually filed motions to dismiss or for summary judgment. They alleged, <u>inter</u> <u>alia</u>, that they were shielded from liability by qualified immunity. The motions were granted in part and denied in part. The motions were granted with regard to twenty-two of the defendants, and they were dismissed from this proceeding, because Cook could not show that they entered his residence or otherwise participated in the search or that they directed, or failed to direct, the actions of the officers involved in the search.[3] With regard to the remaining twelve defendants, the motions were denied.[4] Their qualified immunity defense was rejected because it could not be determined whether the damage they caused was unnecessarily destructive.

---

[3] The twenty-two defendants were: (1) David Gibbons, (2) Scott Harper, (3) Richard Hoffman, (4) Hoyt Harness, (5) Mark Blankenship, (6) Mack Thompson, (7) Robert Speer, (8) Charlie Edmondson, (9) Ray Caldwell, (10) Ben Cross, (11) Kyle Drown, (12) David Hyden, (13) Dwane Luter, (14) Jeff Chandler, (15) Tom Mars, (16) Chris Ridenhour, (17) Tim Whittenberg, (18) Jimmy Casto, (19) William Kelly, (20) Johnathon Freeman, (21) Rick Martin, and (22) Scott Walls.

[4] The remaining defendants were: (1) Johnny Casto, (2) Dale Swesey, (3) Kevin Webb, (4) Nick Castro, (5) Jeff Crow, (6) Jeff Jester, (7) Bobby Alcon, (8) Bryan Davis, (9) Kevin Richmond, (10) Winters, (11) Charles Martin, and (12) Joel Eubanks.

The remaining defendants, sans Winters, pursued an interlocutory appeal on the ground that their qualified immunity defense was erroneously rejected. On January 20, 2009, the Court of Appeals filed an opinion reversing the rejection of their defense.

THE COURT OF APPEAL OPINION. The question before the Court of Appeals was "whether the facts, viewed in a light most favorable to Cook where disputed, show [that the officers] acted objectively reasonably in executing the non-knock search warrant on July 13, 1999." See Cook v. Gibbons, 308 Fed.Appx. 24, 2009 WL 113777 at 1. The Court of Appeals answered the question in the affirmative, finding that the officers acted objectively reasonably and that their conduct was not unnecessarily destructive. The rejection of the officers' qualified immunity defense was reversed, and the proceeding was remanded with instructions to "grant summary judgment to [the officers] based on qualified immunity." See Id. at 5.

UPON REMAND. After the appellate court mandate was issued, summary judgment based on qualified immunity was entered in favor of Johnny Casto, Dale Swesey, Kevin Webb, Nick Castro, Jeff Crow, Jeff Jester, Bobby Alcon, Bryan Davis, Kevin Richmond, Charles Martin, and Joel Eubanks. See Document 269. Cook's claims against those defendants were dismissed with prejudice.

Winters, being the only defendant not to participate in the interlocutory appeal and the only defendant remaining in this proceeding, subsequently filed the pending motion to dismiss. In the motion, he represented the following:

> ... Winters is now entitled to summary judgment based on the recent Opinion issued by the ... Court of Appeals granting the other defendants qualified immunity.  Although ... Winters did not participate in the appeal, he is entitled to the benefits from the ... opinion as the Appellate Court's ruling is now "the law of the case."  ...
>
> In this recent Opinion, the ... Court [of Appeals] determined that all Appellants were entitled to qualified immunity concerning the raid on [Cook's] house.  ... Specifically, the ... [Court of Appeals] granted qualified immunity to the breaching team, ... the entry team, ... and the search team, which included Defendants Casto, ... Winters and others.  Thus, if Defendant Casto is entitled to qualified immunity concerning the search of the premises, so is ... Winters as he was similarly situated.

See Document 275 at 3.

Cook was notified of Winters' motion and informed that if he desired to submit a response to the motion, he must do so by the close of business on April 9, 2009.  He was additionally informed that if he failed to submit a response to the motion by that deadline, Winters' motion would be deemed unopposed.  April 9, 2009, came and went without a response to the motion from Cook.[5]

ANALYSIS.  Although Winters' motion is unopposed, the undersigned has nevertheless reviewed the record in this proceeding, including the Court of Appeals opinion in Cook v. Gibbons.  Viewing all of the evidence in the light most favorable to Cook, and giving him the benefit of all favorable factual inferences, the undersigned finds that the material facts are not in dispute.  They conclusively establish that Winters

---

[5] Winters also filed a motion for facts to be deemed admitted.  See Document 279.  The motion should be denied because it makes no difference in the final resolution of this proceeding.

is entitled to judgment as a matter of law on his qualified immunity defense. He participated in the search of Cook's residence, and, although some damage to Cook's property occurred, the Court of Appeals found that the conduct of the officers was objectively reasonably. Like the other defendants, Winters is shielded from liability by qualified immunity. His motion for summary judgment should therefore be granted.

RECOMMENDATION. Given the foregoing, the undersigned makes the following recommendations:

(1) Winters' motion for facts to be deemed admitted should be denied because it makes no difference in the final resolution of this proceeding. See Document 279.

(2) His motion for summary judgment should be granted. See Document 274.

(3) Cook's complaint should be dismissed with prejudice as to all of the defendants.

(4) Judgment should be entered for all of the defendants.

DATED ___4___ day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE